UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TRAVIS DEVON FLETCHER,

        Plaintiff,                         Case No. 1:23-cv-155

v.                                          Honorable Jane M. Beckering

DOWAGIAC POLICE DEPARTMENT,

        Defendant.
_____/

**OPINION**

      This is a civil rights action brought by a county detainee under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 10.) In an order (ECF No. 11) entered on March 29, 2023, the Court directed Plaintiff to file an amended complaint. The Court received Plaintiff's amended complaint (ECF No. 13) on April 27, 2023.

      Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* amended complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim.

**Discussion**

**I.      Factual Allegations**

Plaintiff is presently incarcerated at the Cass County Jail in Cassopolis, Michigan. The events about which he complains occurred in Cass County. Plaintiff sues the Dowagiac Police Department as the sole Defendant.

Plaintiff's amended complaint is sparse. He alleges that he was unlawfully arrested in 2021. (ECF No. 13, PageID.30.) He told the officers who arrested him that he was not on parole or probation and that he did not want to speak to them. (*Id.*) Plaintiff did not "feel comfortable telling them [his] name, because [Plaintiff did not] feel safe or secure about the situation at hand." (*Id.*) Plaintiff told the officers that they would be violating his Fourth Amendment rights if they forced him to speak to them. (*Id.*) The officers eventually forced Plaintiff to give them his name and arrested him. (*Id.*)

Plaintiff also asks to "reopen or [appeal] a case from 2018 for wrongful incarceration." (*Id.*) Plaintiff indicates that in 2018, he was charged with possession of methamphetamine because he had an oil burner that the arresting officer thought was a meth pipe. (*Id.*) Plaintiff spent eleven months in jail before he was acquitted of all charges. (*Id.*)

Plaintiff also mentions that he would "like a suit due to mental anguish." (*Id.*) As relief, Plaintiff seeks $500,000.00 from the Dowagiac Police Department. (*Id.*, PageID.4.) He also asks for $2.5 million for his "[acquittal] case from 2018." (*Id.*) He also indicates that he would like $500,000.00 from the Cass County Jail for "mental anguish/personal injuries." (*Id.*) Finally, Plaintiff requests a court-appointed attorney. (*Id.*)

**II.     Request for Counsel**

As noted above, Plaintiff requests that the Court appoint counsel to represent him in this case. Indigent parties in civil cases have no constitutional right to a court-appointed attorney.

*Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. Plaintiff's request for the appointment of counsel (ECF No. 1, PageID.4) will, therefore, be denied.

### III.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Claims Against the Dowagiac Police Department

Plaintiff has named the Dowagiac Police Department as the sole Defendant in his amended complaint. The Police Department, however, is "subsumed within [the City of Dowagiac] as a municipal entity to be sued under § 1983." *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *see also Rhodes v. McDaniel*, 945 F.2d 117, 120 (6th Cir. 1991) (noting that sheriff's departments are part of a larger political subdivision and cannot be sued); *Hale v. Vance*, 267 F. Supp. 2d 725, 737 (S.D. Ohio 2003) (concluding that the Cincinnati Police Department was a "mere arm of the City" and "not its own entity" and, therefore, was "not capable of being sued" under § 1983). For that reason alone, the Court will dismiss the Dowagiac Police Department.

Even construing Plaintiff's *pro se* amended complaint with all required liberality, *Haines*, 404 U.S. at 520, and even assuming that Plaintiff intended to sue the City of Dowagiac, he fails to state a claim upon which relief may be granted. The City cannot be held vicariously liable for the

4

actions of its police officers under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989). Instead, a municipality is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Moreover, the Sixth Circuit has explained that a custom "for purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.* at 508. Plaintiff's amended complaint is devoid of any allegations suggesting that his alleged constitutional injuries were the result of an official policy or custom employed by the City of Dowagiac. The Court, therefore, will dismiss any intended claims against the City of Dowagiac. *See Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff's allegation of custom or policy was conclusory, and plaintiff failed to state facts supporting the allegation).

### B. Purported Claims Against the Cass County Jail

As noted above, Plaintiff seeks $500,000.00 from the Cass County Jail for his "mental anguish/personal injury" case. (ECF No. 1, PageID.4.) Although Plaintiff named the Cass County Jail as a Defendant in his original complaint (ECF No. 1), he did not include the jail as a Defendant in his amended complaint. Nevertheless, Plaintiff cannot maintain his purported claims against the Cass County Jail. A county jail is a building that houses prisoners and pretrial detainees and is not

a "person" capable of being sued under § 1983. *See Goldman v. Kalamazoo Cnty. Jail*, No. 1:16-cv-359, 2016 WL 3180043, at *2 (W.D. Mich. June 8, 2016) (collecting cases).

Moreover, construing Plaintiff's *pro se* amended complaint with all required liberality, *Haines*, 404 U.S. at 520, and even assuming that Plaintiff intended to sue Cass County, he fails to state a claim upon which relief may be granted. As noted above, a municipality, such as Cass County, may not be held vicariously liable for the actions of its employees under § 1983. *See Connick*, 563 U.S. at 60; *Harris*, 489 U.S. at 392. Moreover, Plaintiff's amended complaint is devoid of any allegations suggesting that his alleged constitutional injuries were the result of an official policy or custom employed by Cass County. Accordingly, for all of these reasons, the Court will dismiss Plaintiff's purported claims against the Cass County Jail. *See Bilder*, 1993 WL 394595, at *2.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's amended complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also deny Plaintiff's request for counsel. (ECF No. 1, PageID.4.)

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is

barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(e).

An order and judgment consistent with this opinion will be entered.


Dated:    May 8, 2023                             /s/ Jane M. Beckering
                                                  Jane M. Beckering
                                                  United States District Judge